**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | x | |
| | : | |
| LUIS A. RAMOS | : | Chapter 7 |
| ZORAIDA RAMOS, | : | |
| | : | Case No.: 09-10858 (BRL) |
| Debtors. | : | |
| | x | |

## MEMORANDUM DECISION AND ORDER DENYING DEBTORS' MOTION TO VACATE THE PRIOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND DENYING DEBTORS' MOTION TO CONVERT THEIR CHAPTER 7 PETITION TO ONE UNDER CHAPTER 13

Before the Court is the motion of Luis A. Ramos and Zoraida Ramos (collectively, the "Debtors") seeking to 1) vacate this Court's prior order granting Green Tree Servicing, LLC ("Green Tree"), as authorized agent of Green Tree Consumer Discount Company, relief from the automatic stay; and 2) permit the conversion of their chapter 7 petition to one under chapter 13 (hereinafter, the "Motion").

**Background**

The Debtors filed a joint voluntary chapter 7 bankruptcy petition on February 25, 2009. On March 9, 2009, Green Tree filed a motion for relief from the stay pursuant to section 362(d)(1) and (2) of the Bankruptcy Code (the "Code") to allow Green Tree to continue its action in state court to foreclose the mortgage, which it holds on Debtors' real property located at 15 Timber Hill Road, Henryville, Pennsylvania. On April 15, 2009, this Court entered an order granting Green Tree's motion for relief from the stay and allowing it to proceed with the foreclosure action. This property is the subject of a Pennsylvania Judgment of Foreclosure and Sale, dated June 6, 2007. On April 23, 2009, Debtors filed an Order to Show Cause Scheduling a Hearing with Respect to the Motion of the Debtors to Vacate the Prior Order Granting Relief from the Automatic Stay on the

grounds that the Debtors were never served with the motion papers and asking the Court

to allow the Debtors to convert their chapter 7 petition to one under chapter 13 (the

"Order To Show Cause").  The filing of the Order to Show Cause stayed a foreclosure

sale of the property scheduled for April 30, 2009.  The Order To Show Cause was signed

and a hearing was set for April 28, 2009.  The parties then mutually agreed to adjourn the

matter until May 14, 2009, while they tried to work out an agreement.  The parties

presumably failed to reach an accord as Green Tree filed an objection to the Debtors'

Motion on May 12, 2009.  On May 13, 2009, counsel for the Debtors filed a letter with

this Court to strike the Green Tree opposition papers for late filing.  Given the courtesies

shown in mutually adjourning the matters, by both counsel, and in the interest of dealing

with the issues on the merits, the request to strike the objection was denied.

This is the not the first time that the Debtors have petitioned the Court to convert

a chapter 7 petition to one under chapter 13.  Prior to this petition, on November 26,

2007, Debtors filed a chapter 7 petition (case number 07-13734), which was ultimately

converted to a chapter 13 on January 17, 2008.  Debtors' petition was dismissed on June

24, 2008 for failure to timely file required documents.

**<u>Discussion</u>**

There is no absolute right to convert a case from chapter 7 to chapter 13.

Pursuant to section 706(a) of the Code, a debtor may convert a case under chapter 7 to a

case under chapter 13.  However, pursuant to section 706(d), "a case may not be

converted to a case under another chapter of this title unless the debtor may be a debtor

under such chapter." 11 U.S.C. § 706(d).  In other words, section 706(d) expressly

conditions a chapter 7 debtor's right to convert on his ability to qualify as a chapter 13

"debtor." *Id.*  Under section 1307(c), a chapter 13 proceeding may be either dismissed or converted to a chapter 7 proceeding "for cause." 11 U.S.C. § 1307(c).  Bankruptcy courts routinely allow for dismissal of proceedings when pre-petition bad faith conduct is present, as courts treat such conduct as "for cause."  Therefore, a ruling that an individual's chapter 13 case should be dismissed or converted to chapter 7 due to bad faith is tantamount to a ruling that the person does not qualify as a chapter 13 debtor. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373-74 (2007).

Here, the Debtors may not convert their chapter 7 case to one under chapter 13 because Debtors do not qualify as chapter 13 debtors.  11 U.S.C. § 706(d).  Debtors' failure to qualify as chapter 13 debtors is a result of their pre-petition bad faith conduct.  Debtors are not "honest but unfortunate debtors," *Grogan v. Garner*, 498 U.S. 279, 287 (1991), who merely want the chance to repay their debts should they acquire the means to do so.  Rather, they are the types of litigants who have demonstrated through their acts of bad faith that they are not entitled to the relief available to the typical debtor.  The Debtors have failed to make any mortgage payments on this mortgage loan since September 7, 2006.  At the time of the filing of the petition on February 25, 2009, total indebtedness on this mortgage loan was $277,777.64, while the market value of the property was only approximately $165,000.  As such, there is no equity in the secured collateral.  This property is also the subject of a Pennsylvania Judgment of Foreclosure and Sale, dated June 6, 2007.  In addition, this Court entered an order granting relief from the lift stay, permitting Green Tree to proceed with the foreclosure.  Debtors' Order To Show Cause was merely a way to delay the inevitable sale of the secured collateral. What makes this situation one of bad faith is the fact that this is the second time in less

3

than two years that the Debtors have petitioned the Court to convert their chapter 7

petition to one under chapter 13, following the filing of a lift stay motion by Green Tree,

in an effort to halt legitimate foreclosure proceedings.  Additionally, counsel for the

chapter 7 trustee at oral argument revealed that the debtor, Luis A. Ramos, failed to

disclose the existence of business assets and otherwise furnish required chapter 7 filings,

while serially listing multiple resident addresses.  Cumulatively, this type of conduct is an

abuse of the bankruptcy process and is prejudicial to the secured creditor, Green Tree,

causing irreparable harm with each passing day.  Bankruptcy judges have ample authority

to take necessary measures pursuant to section 105(a) to prevent this type of abuse and

may therefore authorize an immediate denial of a section 706 motion to convert that

merely postpones the granting of equitable relief and allows the debtor to take steps that

are prejudicial to its creditors.  See *Marrama*, 549 U.S. at 375.  As such, this Court will

not vacate its prior order granting Green Tree relief from the automatic stay and will not

permit the Debtors to convert their chapter 7 petition to one under chapter 13.

**Conclusion**

For the reasons set forth below and at oral argument, the Debtors' Motion is

denied.

IT IS SO ORDERED.

Dated:  May 14, 2009
        New York, New York

            _/s/ Burton R. Lifland____
            The Honorable Burton R. Lifland
            United States Bankruptcy Judge